**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | | |
|---|---|---|
| IN RE:  **Tracey Kennedy** | **:** | CHAPTER 13 |
| | **:** | CASE NO. **15-14765** |
| | **:** | |
| | **:** | |
| Debtor | **:** | (Indicate if applicable) |
| | **:** | |
| | **:** | ___**X**___ ORIGINAL PLAN |
| | **:** | _____ AMENDED PLAN |

**YOUR RIGHTS WILL BE AFFECTED**

If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**PLAN PROVISIONS DISCHARGE: (Check one)**

☑ The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐ The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 1328(f).

**NOTICE OF SPECIAL PROVISIONS:  (Check if applicable)**

☐ This plan contains special provisions that are not included in the standard plan as recommended by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

1. **PLAN FUNDING AND LENGTH OF PLAN**

    A.  Payments by the debtor of ___**$505.00**___ per month for ___**60**___ months. This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition or the date of conversion to Chapter 13.

    B.  In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: _____ from the sale of property (describe property)
    _____
    All sales will be completed by _____ .                                                                            .
    Other lump sum payments shall be paid to the trustee as follows:
    _____
    Other payments from any source (describe specifically) shall be paid to the trustee as follows:
    _____

    C.  **For amended plans:**
    (1) The plan payments by the debtor shall consist of the total amount previously paid ( _____ ) added to the new monthly payment in the amount of _____ for the remaining _____ months of the plan for a total base amount, as amended, of _____ plus other payments and property stated in Paragraph B above.

    (2) The payment amount shall change effective _____ .

    (3) The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to the terms of the amended plan.

    D.  The debtor is responsible for funding the plan.

| UNITED STATES BANKRUPTCY COURT | Bankruptcy No: 15-14765 | **Chapter 13 Plan** |
| EASTERN DISTRICT OF PENNSYLVANIA | Debtor(s): **Tracey Kennedy** | |
| PHILADELPHIA DIVISION | | |

2. **SECURED CLAIMS**

   A. <u>Adequate Protection Payments under Section 1326.</u>   Adequate protection payments in the following amounts will be paid by the debtor to the trustee.  The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.  Adequate protection payments will terminate upon confirmation of the debtor's Chapter 13 Plan, and any further payments to a creditor previously receiving adequate protection payments will be governed according to the terms of the confirmed plan.

| Name of Creditor / Address | Account # | Payment | Month of 1st Payment |
|---|---|---|---|
| | | | |

   B. <u>Mortgages and Other Direct Payments by Debtor.</u>   Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor / Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|
| **Michael McKeever** property | $870.00 | $118,000.00 | 0.00% |

   C. <u>Arrears.</u>

| Name of Creditor / Description of Collateral | Pre-Petition Arrears to be Cured | Interest Rate | Total to be paid in plan |
|---|---|---|---|
| **Michael McKeever** property | $25,000.00 | 0.00% | $25,000.00 |

   D. <u>Secured Claims Paid According to Modified Terms.</u>   These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge.  The excess of the creditor's claim will be treated as an unsecured claim.  Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim.  A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.

| Name of Creditor / Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|
| | | | | |

   E. <u>Other Secured Claims.</u>

| Name of Creditor / Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|
| | | | |

   F. <u>Surrender of Collateral:</u>

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |

   G. <u>Lien Avoidance:</u>   The debtor moves to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
| | |

3. **PRIORITY CLAIMS**

   A. Allowed unsecured claims entitled to priority under section 507 will be paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4).

| Name of Creditor | Total Payment |
|---|---|

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF PENNSYLVANIA  
PHILADELPHIA DIVISION  

Bankruptcy No:  15-14765  
Debtor(s):  **Tracey Kennedy**  

**Chapter 13 Plan**

---

    B.    Administrative Claims:    (1)    Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

                (2)    Attorney Fees.  In addition to the retainer of  **$945.00**  already paid by the debtor, the amount of  **$2,055.00**  in the plan.

**4.**    **UNSECURED CLAIMS**

    A.    <u>Claims of Unsecured Non-Priority Creditors Specially Classified.</u>    Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full:

| Name of Creditor / Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|
|  |  |  |  |

    B.    <u>Claims of General Unsecured Creditors.</u>    The debtor estimates that a total of  **$215.00**  will be available for distribution to unsecured creditors.  The debtor calculates that a minimum of  **$0.00**  must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of  **not determined**  must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

    C.    <u>Funding</u>  (check one)  
        ☑  Pro Rata  
       ☐  100%

**5.**    **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

    A.    The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor / Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|
|  |  |  |  |

**6.**    **OTHER PLAN PROVISIONS:**

**7.**    **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the trustee in the following order:  
Level 1: _____  
Level 2: _____  
Level 3: _____  
Level 4: _____  
Level 5: _____  
Level 6: _____  
Level 7: _____  
Level 8: _____  

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:

Level 1:    Adequate protection payments.  
Level 2:    Domestic Support Obligations.  
Level 3:    Debtor's attorney's fees.  
Level 4:    Priority claims, pro rata.  
Level 5:    Secured claims, pro rata.  
Level 6:    Specially classified unsecured claims.  
Level 7:    General unsecured claims.  
Level 8:    Untimely filed unsecured claims to which the debtor has not objected.

**8.**    **REVESTING OF PROPERTY:  (Check One)**

    ☑  Property of the estate will vest in the debtor upon confirmation.

    ☐  Property of the estate will vest in the debtor upon closing of the case.

UNITED STATES BANKRUPTCY COURT　　　　　　　　Bankruptcy No:  15-14765　　　　　　　　**Chapter 13 Plan**
EASTERN DISTRICT OF PENNSYLVANIA　　　　　　　Debtor(s):  **Tracey Kennedy**
PHILADELPHIA DIVISION

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

1. All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

2. If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor.  Claims filed after the bar date that are not properly served on the trustee will not be paid.  The debtor is responsible for reviewing claims and filing objections, if appropriate.

3. In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

4. If debtor is successful in obtaining a recovery in any personal injury or other litigation in which debtor is the plaintiff during the term of this plan, any such recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtor's regular plan payments, for the benefit of the unsecured creditors.

Dated:  **8/6/2015**　　　　　　　　　　　　　　　　　**/s/ Erik B. Jensen**
　　　　　　　　　　　　　　　　　　　　　　　　　　　Erik B. Jensen, Attorney for Debtor

　　　　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Tracey Kennedy**
　　　　　　　　　　　　　　　　　　　　　　　　　　　Tracey Kennedy, Debtor